IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JOSEPH A. STEPHENS, JR., | ) | CASE NO. 10-31263-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on confirmation of the Debtor's Chapter 11 plan (Docket No. 108). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation of the plan. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Joseph A. Stephens, Jr. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 16, 2010.

Debtor operates two businesses; an insurance agency, and a mortgage brokerage business. On Debtor's schedule A, Debtor identified seven parcels of real property, in addition to the property listed as his homestead.

With respect to the property located at 1509 Wentworth Street, Houston, Texas, Debtor scheduled the property with a value of $288,024. Debtor scheduled a debt owed to America's Servicing Co., in the amount of $303,210.65, secured by the property. Debtor scheduled a second mortgage owed to GMAC Mortgage, in the amount of $55,115.63, secured by the property. (Docket No. 1).

In the plan, Debtor proposes to pay $159,000, at 5.5 percent interest, to America's Servicing Co. on account of its secured claim, and to treat GMAC Mortgage's claim as unsecured. (Docket No. 108).

With respect to the property located at 4001 Nasa Rd. 1, #110, Seabrook, Texas, Debtor scheduled the property with a value of $108,083. Debtor scheduled a debt owed to various taxing authorities, in the amount of $1,189.85, secured by the property. (Docket No. 1).

In the plan, Debtor proposes to pay taxing authorities' claims in full, over a period of 50 months. (Docket No. 108).

With respect to the property located at 4408 La Branch Street, Houston, Texas, Debtor scheduled the property with a value of $1,239,510. Debtor scheduled a debt owed to FDIC, as receiver for Sanderson State Bank, in the amount of $803,983.29, secured by the property. (Docket No. 1).

In the plan, Debtor proposes to surrender the property, in full satisfaction of the debt. (Docket No. 108).

With respect to the property located at 2522 Binz Street, Houston, Texas, Debtor scheduled the property with a value of $220,000. Debtor scheduled a debt owed to EMC Mortgage Corporation, in the amount of $229,772.63, secured by the property. (Docket No. 1).

With respect to the property located at 2524 Binz Street, Houston, Texas, Debtor scheduled the property with a value of $176,508. Debtor scheduled a debt owed to EMC Mortgage Corporation, in the amount of $236,646.01, secured by the property. (Docket No. 1).

In the plan, Debtor proposes to reduce the value of the properties to $160,000 for each of the two properties located on Binz Street, and to reduce the debt to $160,000 for each of the two properties, to be paid with 5.5 percent interest over 30 years. (Docket No. 108). Debtor and EMC Mortgage have reached agreement on the treatment of EMC Mortgage's secured claims, and that agreement is reflected in two agreed orders. (Docket Nos. 84, 85). Debtor

With respect to the property located at 3507 Tampa Street, Houston, Texas, Debtor scheduled the property with a value of $137,142. Debtor scheduled a debt owed to GMAC Mortgage, in the amount of $212,000, secured by the property.

(Docket No. 1).[1]  JP Morgan Chase filed a proof of claim, in the amount of $34,921,72, allegedly secured by a second lien on the property.

In the plan, Debtor initially proposed to pay $69,500 to GMAC Mortgage, plus 5.5 percent interest, for 30 years. (Docket No. 108).  Debtor subsequently reached agreement with the creditor under which Debtor proposes to surrender the property to the first lienholder.  Debtor proposes to treat the second lienholder as unsecured.

With respect to the property located at 4002 Chartres Street, Houston, Texas, Debtor scheduled the property with a value of $270,131.  Debtor scheduled a debt owed to Saxon Mortgage, in the amount of $253,101.90, secured by the property. (Docket No. 1).

In the plan, Debtor initially proposed to pay $128,000 to Saxon Mortgage, at 5.5 percent interest, for 30 years.  Debtor subsequently reached agreement with Saxon Mortgage under which Debtor proposes to surrender the property to Saxon Mortgage.

Debtor scheduled $1,400,346.51 in unsecured non-priority claims.  (Docket No. 1).  Debtor has subsequently filed a supplement, adding an additional unsecured claim in the amount of $1,163.16.  Creditors filed proofs of claim asserting

---

[1] This debt is now apparently held by Deutsche Bank Trust Company Americas as Trustee for RALI 2006QA8.  That entity filed a proof of claim, in the amount of $215,727.25.

4

unsecured claims totaling $853,740.38

In the plan, Debtor proposes to pay $120,000 over 60 months, to be distributed pro-rata on unsecured claims. (Docket No. 108).

In addition to the payments addressed under the plan, Debtor reached an agreement with Amegy Bank, which is set forth in an "Agreed Motion for Authority and Application to Compromise Controversy" (Docket No. 134). Under the proposed compromise, Debtor proposes to pay $120 per month for 60 months to Amegy Bank as part of the distribution to unsecured creditors under the plan. Debtor proposes to pay $800 per month to Amegy Bank for 60 months, following the completion of distribution to creditors under the plan.

The plan provides for the vesting of property of the estate in Debtor on the date the confirmation order becomes final.

At the confirmation hearing, Debtor presented no evidence as to the value of the two properties he proposes to retain without an agreement as to value: the property located at 1509 Wentworth, and the property located at 4001 Nasa Rd. 1. The court finds, for the purpose of considering confirmation of the instant plan, that the values of the two properties are the uncontroverted scheduled values of $288,024 and $108,083, respectively.

Debtor filed a summary of ballots. The ballot summary indicates that two creditors in Class 2 (secured claims), with amounts totaling $291,133.81, voted for the plan. In Class 4, two creditors, with amounts totaling $100,249.03, voted for the plan; one creditor, in the amount of $568,249.15, voted against the plan. (Docket No. 133).

## Conclusions of Law

For the purposes of the instant analysis, the court presumes, without deciding, that the plan meets the standards for confirmation under Section 1129(a) of the Bankruptcy Code other than Section 1129(a)(8). That section provides:

> (a) The court shall confirm a plan only if all of the following requirements are met:
>
> (8) With respect to each class of claims or interests–
>
> (A) such class has accepted the plan; or
> (B) such class is not impaired under the plan.

11 U.S.C. § 1129(a)(8).

Under Section 1126(c) of the Bankruptcy Code:

> (c) A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held be creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

6

In the instant case, the plan designates classes 2, 3, and 4 as impaired. Class 2 (secured claims), with two votes accepting the plan and no votes rejecting the plan, accepts the plan. Class 4 (unsecured claims), with two votes accepting the plan and one vote rejecting the plan, and the vote rejecting the plan representing approximately 85 percent in amount of the creditors that have accepted or rejected the plan in Class 4, rejects the plan. The court concludes that the plan does not satisfy Section 1129(a)(8).

Section 1129(b) provides in pertinent part:

(b)(1) Notwithstanding section 510 (a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

* * *

(B) With respect to a class of unsecured claims—

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on

> account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

11 U.S.C. § 1129(b).

> Section 1115(a) of the Bankruptcy Code provides:
>
> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541
>
>> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>>
>> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

11 U.S.C. § 1115(a).

Courts are split as to the interpretation of whether Section 1115(a) abrogates the absolute priority rule with respect to individual Chapter 11 debtors.  Debtor in this case takes the position that the absolute priority rule is abrogated.

The courts which have held that the absolute priority rule is abrogated have determined that the phrase "included in the estate under section 1115" in Section 1129(b)(2)(B)(ii) includes both "the property specified in section 541" and the two types of property described in Sections 1115(a)(1) and 1115(a)(2).  See In re Tegeder, 369 B.R. 477 (Bankr. D. Neb.

2007); In re Roedemeier, 374 B.R. 264 (Bankr. D. Kan. 2007); In re Shat, 424 B.R. 854 (Bankr. D. Nev. 2010).

The courts which have held that the absolute priority rule is not abrogated have determined that the phrase "included in the estate under section 1115" includes the specific property identified in Sections 1115(a)(1) and 1115(a)(2).  See In re Gbadebo, 431 B.R. 222 (Bankr. N.D. Cal. 2010); In re Mullins, 435 B.R. 352 (Bankr. W.D. Va. 2010); In re Gelin, 437 B.R. 435 (Bankr. M.D. Fla. 2010); In re Karlovich, --- B.R. ----, 2010 WL 5418872 (Bankr. S.D. Cal. 2010).

This court agrees with the line which holds the absolute priority rule not abrogated.  The language "in addition to the property specified in section 541" in the preamble to Section 1115(a) would render surplusage the words "all property of the kind specified in section 541" in Section 1115(a)(1), if Section 1115 is interpreted to include all property of the estate.  In addition, such a construction would render Section 541 (which applies in Chapter 11 cases, including those of individuals, pursuant to Section 103(a)) itself surplusage.

In the instant case, Debtor proposes to retain non-exempt real property of an aggregate value of $396,107.  The court concludes that the plan in the instant case, which provides for the individual Chapter 11 debtor to retain non-exempt property while paying less than 100 percent to a non-accepting

class of unsecured creditors, violates Section 1129(b)(2)(B)(ii) of the Bankruptcy Code.[2]

Based on the foregoing, a separate Judgment will be entered denying confirmation of the plan.

Signed at Houston, Texas on February 22, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2]The court does not reach the question of whether the Debtor's retention of exempt property likewise violates the absolute priority rule.  The court notes that at least one court has held that an individual Chapter 11 debtor may cram down a class of unsecured claims, and retain exempt property, notwithstanding Section 1129(b)(2)(B)(ii).  In re Bullard, 358 B.R. 541 (Bankr. D. Conn. 2007).